**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Proposed Attorneys for Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>CA SEE JANE GO FUND, LLC,<br><br>Debtor and<br>Debtor-in-Possession. | Case No. 8:17-bk-12000-SC<br><br>Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF HOWARD B. GROBSTEIN AND WILLIAM JORDAN IN SUPPORT**<br><br>**[Fed. R. Bankr. P. 1015; Local Bankruptcy Rules 1015-1(b) and 9013-1(q)]**<br><br>**[Identical Motions Filed in Related Cases]**<br><br>**[No hearing required pursuant to Local Bankruptcy Rules 1015-1(b) and 9013-1(q)]** |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE:**

WJA Asset Management, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), submits this *Emergency Motion for Order Authorizing Joint Administration of Chapter 11 Cases* (the "Motion"). The names and case numbers of the related cases subject to this Motion are attached as Exhibit "1." In support of the Motion, the Debtor submits the following memorandum of points and authorities, and the attached declarations of Howard B. Grobstein and William Jordan.

## I. INTRODUCTION

By this Motion, the Debtor seeks to have the 22 related cases listed on Exhibit "1" hereto (collectively, the "Cases") jointly administered with WJA Asset Management, LLC (the "Lead Case"), to be designated as the lead case. The Debtor is not requesting substantive consolidation of Cases.

Joint administration is appropriate because each of the entities listed on Exhibit "1" (collectively, the "Debtors") share common management, related ownership, overlapping creditors, and common goals for their respective bankruptcy cases. In particular, the Debtors share the same managing member and there is overlap amongst the Debtors' creditors and investors. Joint administration of the Debtors' Cases will maximize the assets of the separate estates for creditors and investors by reducing expenses and will ease the administrative burden on the Court and the parties in interest. Moreover, the Debtor requests relief on an emergency basis because jointly administering the Cases will save parties and the Court significant time and expense with respect to "first-day" motions the Debtors intend to file shortly. Accordingly, the Debtor respectfully requests that the Court enter an order jointly administering the Cases.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## II. GENERAL BACKGROUND

On May 18, 2017, the Debtors filed voluntary petitions under Chapter 11 of the United States Bankruptcy Code. The Debtors continue to operate their businesses and manage their affairs as debtors and debtors-in-possession.

The Debtors are part of a network of entities or "Funds" formed to offer a range of investment opportunities to clients. With a few exceptions, each Debtor is a limited liability company formed to pursue a particular type of investment. WJA Asset Management, LLC, is the managing member of all the Debtors, with the exception of itself and William Jordan Investments, Inc. ("Advisor"). Advisor is a registered investment advisor. (*See* Jordan Decl. at ¶ 1.) Howard Grobstein is the Chief Restructuring Officer for all the Debtors, including WJA Asset Management, LLC, and Advisor.

The Debtors typically raised investments by offering membership units through Private Placement Memorandum. Investors who acquired membership units are members of the corresponding Debtor. Certain investors are members of more than one Debtor. Also, some Debtors invested in other Debtors if doing so was consistent with the business purpose of the investing Debtor and the investment could help to diversify and reduce the risk of the investing Debtors' overall portfolio. Thus, there are a number of Debtors owned by only individual investors and others in which the investors are individuals and other Debtors. There are approximately 100 individual investors in the Debtors. Some Funds and investors also participated in certain Funds by making loans and receiving promissory notes in exchange. (*See* Jordan Decl. ¶ 3.)

The Debtors have ceased to offer any new investment vehicles or solicit any new investments. (*See* Grobstein Decl. at ¶ 2.)

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. PROPOSED PROCEDURE FOR JOINT ADMINISTRATION

The Debtor proposes the following procedures for joint administration:

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1. The use of a single docket (In re WJA Asset Management, LLC, Case No. 8:17-bk-11996-SC) for administrative matters, including for the filing, lodging and docketing of pleadings and orders.

2. Parties in interest shall be directed to use the caption attached as Exhibit "2" for each filing. However, each filing shall indicate which of the Debtors is affected by or is a party to the subject filing.

3. Combined notices to creditors and parties in interest.

4. The Debtors will file a consolidated list of the 30 largest creditors upon approval of this Motion.

5. Joint scheduling of hearings on proceedings in the case.

6. Joint financial reporting by the Debtors.

7. Joint and several liability of the Debtors' estates for allowed fees and costs of professionals retained in the Debtors' cases.

8. Joint handling of other administrative matters.

9. Notice of joint administration of the estates will be separately filed and docketed in each of the Debtors' cases, and will be served on all creditors and parties-in-interest in each case in substantially the form of the proposed notice attached as Exhibit "3." With the exception of the Lead case, in the dockets of all other Cases, creditors and parties in interest shall be directed to the case docket for WJA Asset Management, LLC, to locate all pleadings filed subsequent to the date on which the Court enters an order granting this Motion.

10. Each Debtor shall maintain its own claims register to avoid the confusion that may result if the claims registers were consolidated.

11. The Debtors will continue to operate, as they have in the past, as separate and distinct entities, and will continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases.

**B. <u>EMERGENCY AND EX PARTE RELIEF IS JUSTIFIED</u>**

Local Bankruptcy Rule ("LBR") 1015-1(b)(1) expressly provides that the Court may enter an order for joint administration without notice or a hearing:

> If 2 or more cases are pending before the same judge, <u>an order of joint administration may be entered, without further notice and an opportunity for hearing</u>, upon the filing of a motion for joint administration pursuant to FRBP 1015 and LBR 9013-1(q), supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the court and the parties, and will

> protect creditors of the different estates against potential conflicts of interest.

LBR 1015-1(b) (emphasis added); *see also,* LBR 9013-1(q).

Notice of the motion for joint administration is not required. Rather, the only notice required is notice of any joint administration *after* the Court grants a motion for joint administration. *See* LBR 1015-1(b)(3).

In the next few days, the Debtors intend to file additional "first-day" motions in the Cases. Without joint administration, the Debtors must file the same motion in all Cases, necessitating separate hearings before the Court, and service of the identical motions on many of the same parties in interest. A single "first-day" motion alone would necessitate 22 redundant filings and 22 hearings. Joint administration of the Cases will allow the Debtors to file and serve one motion and obtain a single hearing thereon. Thus, joint administration will save the respective estates and parties significant fees and costs, will avoid the potential confusion caused by numerous duplicative filings, and will ease the burden on the Court and its staff.

Procedural authorization for granting this Motion on an emergency basis without notice or hearing is found in LBR 1015-1(b) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 1001, which provides that "[t]hese rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." The Debtors respectfully submit that, on the facts of these cases, and in light of the Debtors' imminent filing of other "first-day" motions, emergency relief is both necessary and appropriate and will substantially benefit the Debtors' estates and the Court. Accordingly, the Debtors respectfully request that the Court grant this Motion, on an emergency basis, without notice or hearing.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**C. JOINT ADMINISTRATION OF THE CASES IS APPROPRIATE AND WILL YIELD SUBSTANTIAL ADMINISTRATIVE AND ECONOMIC BENEFITS**

Bankruptcy Rule 1015(b) and LBR 1015-1(b) empower this Court to order the joint administration of two or more cases under the Bankruptcy Code. *See* Fed. R. Bankr. P. 1015(b); *see also* LBR 1015-1(b).

"Joint administration is common when a consolidated group of corporations files for bankruptcy relief. Particularly in chapter 11, the success of one affiliate's reorganization effort may depend on the success of the other affiliates' efforts." *See* 9 *Collier on Bankruptcy*, ¶ 1015.03 (16th ed. 2014).

As detailed below, joint administration of the Cases is appropriate under Bankruptcy Rule 1015(b) because the Debtors are affiliates, and joint administration will yield substantial administrative and economic benefits and streamline the process for creditors.

**D. Joint Administration is Appropriate Because the Debtors are "Affiliates"**

Federal Rule of Bankruptcy Procedure 1015(b) provides as follows:

> If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P 1015(b) (emphasis added). Under 11 U.S.C. § 101(2), the term "affiliate" includes a "(C) person whose business is operated under a lease or operating agreement by a debtor . . . [and] (D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement."

Here, WJA Asset Management, LLC is the manager of each of the Debtors other than itself and Advisor. Both Manager and Advisor are wholly-owned by the same

individual, William Jordan. (*See* Jordan Decl. at ¶ 2.) All of the Debtors share common management. Howard Grobstein is the Chief Restructuring Officer of all of the Debtors. All of the Debtors are either operated and controlled by the same entity, Manager, of which Howard Grobstein serves as its Chief Restructuring Officer. Thus, the Debtor and the other Debtors are "affiliates" as defined by the Bankruptcy Code, and joint administration is appropriate pursuant to Bankruptcy Rule 1015(b).

**E. <u>Joint Administration Will Not Adversely Affect the Creditors of the Different Estates</u>**

The rights of the Debtors' creditors will not be adversely affected by the joint administration of the Cases. The Debtors are not requesting substantive consolidation in this Motion.

Moreover, as discussed above, the proposed procedures require that the Debtors continue to operate, as they have in the past, as separate and distinct entities, and continue to maintain separate books and records to reflect all intercompany and third-party transactions during the pendency of their chapter 11 cases. The Debtors are merely requesting procedural relief and believe that joint administration of the Cases will provide significant benefits to the Court and parties in interest while not impacting the substantive rights of the creditors of the different estates.

The joint administration of the cases should, in fact, help parties in interest to protect their respective rights. Because there will be only one case docket, it will be easier for creditors to monitor proceedings that affect all of the Debtors. This is particularly important because any action taken by one of the Debtors may affect other Debtors. Moreover, the Debtors share similar goals and strategies, *i.e.*, the controlled liquidation of their assets. The recovery of a creditor or investor of one Debtor may be impacted by the outcome of other Debtors' Cases. (*See* Grobstein Decl. at ¶ 4.)

If a conflict of interest arises after an order authorizing joint administration is entered by the Court, Bankruptcy Rule 1015(c) provides the Court with a mechanism for protecting creditors: "When an order for consolidation or joint administration of a joint

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Thus, the Court has the ability to address any conflicts that may arise after the joint administration of the Cases.

The Motion should be granted because it will provide greater protection to creditors' rights, and in the event that conflicts arise after an order authorizing joint administration is entered, Rule 1015(c) provides the Court with a mechanism to fashion a remedy.

**F. Joint Administration Will Increase the Debtors' Chance at Reorganization and Benefit the Estates**

The Debtors' Cases present the classic situation for joint administration as numerous cords of commonality connect the Debtors, militating in favor of the central administration of the Cases. As discussed above, twenty of the Debtors are managed by WJA Asset Management, another Debtor. In addition, Howard Grobstein serves as the Chief Restructuring Officer of all of the Debtors. There is also overlap among the creditors and ownership of the Debtors. (*See* Jordan Decl. at ¶ 3; *see also* Grobstein Decl. at ¶ 3.) Furthermore, the Debtors have a similar goal for the Cases, *i.e.*, the orderly liquidation of their assets and the distribution of the proceeds to creditors and investors in a manner consistent with the Code. (*See* Grobstein Decl. at ¶ 4.) For these reasons, the same issues will likely arise in many, if not all, of the Cases. Because of the commonalities among the Debtors, the successful resolution of one Case may depend on the outcome of another, and joint administration will increase the chances of success for the whole enterprise.

Joint administration will avoid wasting resources that would result through the duplication of effort if the Cases were to proceed separately and the same motions and applications were required to be filed in each case. The Debtors' goal is to maximize the return for creditors and investors and avoiding unnecessary costs is important to that end. The Debtors' creditors and investors stand to benefit from the increased efficiency

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

of joint administration because the creditors will not be required to review duplicative pleadings that would otherwise be filed in 22 separate cases. Moreover, through joint administration of the Debtors' cases, the Court will be relieved of the burden of having to maintain and review separate dockets and case files for a large number of nearly identical pleadings. Thus, joint administration will yield significant administrative and economic benefit to the Debtors, their parties in interest, and the Court.

By reason of the foregoing, joint administration of the Debtors' chapter 11 cases is in the best interests of all interested parties.

## IV. <u>CONCLUSION</u>

Based upon the foregoing arguments and authorities and evidence before this Court, the Debtor prays that the Court enter an order:

1. Authorizing joint administration of the Debtors' Cases as provided herein; and

2. Granting such other and further relief as is just.

Respectfully submitted,

DATED: May 19, 2017 SMILEY WANG-EKVALL, LLP

By: *\/s/ Robert S. Marticello*
ROBERT S. MARTICELLO
Proposed Counsel for the Debtor

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**DECLARATION OF HOWARD B. GROBSTEIN**

I, Howard B. Grobstein, declare as follows:

1. I am a founder and partner of Grobstein Teeple, LLP. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Debtor's Emergency Motion for Order Authorizing Joint Administration of Chapter 11 Cases* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. I was retained as the Chief Restructuring Officer of all of the Debtors prior to the Petition Date. Since early May, 2017, I and/or certain other members of Grobstein Teeple, LLP, have been onsite at the Debtor's headquarters each business day and have spent significant time getting up to speed on the Debtors' operations, assets, and liabilities, and since my retention, I have begun the process of overseeing the Debtor's operations. The Debtors are not offering any new investment vehicles or soliciting any new investments.

3. In light of the number of cases, the fact that WJA Asset Management, LLC is the manager of each of the Debtors other than itself and Advisor, and my understanding of the commonalities among the Debtors' investors and creditors, I believe that joint administration of the Cases is appropriate and will ease the administrative burden for the Court and the parties in several ways. Joint administration will avoid the unnecessary duplication of filings in the Cases. Joint administration will ease the administrative burden on and reduce confusion for creditors. Without joint administration, creditors will be served with and have to review multiple (and duplicative) pleadings filed in the separate cases. Joint administration will also relieve the Court of the burden of maintaining and reviewing separate dockets and case files for a large number of nearly identical pleadings.

4. Based on my involvement to date, I believe that the overall strategy for the Debtors is the same, *i.e.*, the orderly liquidation of the Debtors' assets in order to maximize the return for investors and creditors, and to distribute the proceeds in a manner consistent with the priority scheme in the Code. Also, I believe in many instances, the recovery of a creditor or investor of one Debtor may be impacted by the outcome of other Debtors' Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19 day of May, 2017, at Laguna Hills, California.

HOWARD B. GROBSTEIN

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**DECLARATION OF WILLIAM JORDAN**

I, William Jordan, declare as follows:

1. I am the sole owner of Advisor and the sole member and manager of the WJA Asset Management, LLC. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Debtor's Emergency Motion for Order Authorizing Joint Administration of Chapter 11 Cases* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. With a few exceptions, each Debtor is a limited liability company formed to pursue a particular type of investment. WJA Asset Management, LLC is the managing member of all the Debtors, with the exception of itself and Advisor. Howard Grobstein is the Chief Restructuring Officer for all of the Debtors, including WJA Asset Management, LLC, and Advisor.

3. The Debtors typically raised investments by offering membership units through Private Placement Memorandum. Investors who acquired membership units are members of the corresponding Debtor. Certain investors are members of more than one Debtor. Also, some Debtors invested in other Debtors if doing so was consistent with the business purpose of the investing Debtor and the investment could help to diversify and reduce the risk of the investing Debtors' overall portfolio. Thus, there are a number of Debtors owned by only individual investors and others in which the investors are individuals and other Debtors. There are approximately 100 individual investors in

/ / /

/ / /

/ / /

/ / /

/ / /

the Debtors. Some Funds and investors also participated in certain Funds by making loans and receiving promissory notes in exchange.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19 day of May, 2017, at Kyuna Hill, California.

WILLIAM JORDAN

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

| Case Name | Case Number |
|---|---|
| WJA Asset Management, LLC (Lead Case) | 8:17-bk-11996-SC |
| 5827 Winland Hills Drive Development Fund, LLC | 8:17-bk-11997-SC |
| Alabama Housing Fund, LLC | 8:17-bk-11998-SC |
| CA Express Fund, LLC | 8:17-bk-11999-SC |
| CA See Jane Go Fund, LLC | 8:17-bk-12000-SC |
| CA Whirl Fund, LLC | 8:17-bk-12001-SC |
| Clairton Residential Renewal, LLC | 8:17-bk-12002-SC |
| Equity Indexed Managed Fund, LLC | 8:17-bk-12003-SC |
| Luxury Asset Purchasing International, LLC | 8:17-bk-12004-SC |
| LVNV Multi Family LLC | 8:17-bk-12005-SC |
| PMB Managed Fund, LLC | 8:17-bk-12006-SC |
| Prosper Managed Fund, LLC | 8:17-bk-12008-SC |
| TD Opportunity Fund, LLC | 8:17-bk-12009-SC |
| TD REO Fund, LLC | 8:17-bk-12010-SC |
| Urban Produce Fund, LLC | 8:17-bk-12011-SC |
| Whirl Fund, LLC | 8:17-bk-12012-SC |
| WJA Express Fund, LLC | 8:17-bk-12013-SC |
| WJA Real Estate Opportunity Fund I, LLC | 8:17-bk-12014-SC |
| WJA Real Estate Opportunity Fund II, LLC | 8:17-bk-12015-SC |
| WJA Secure Real Estate Fund, LLC | 8:17-bk-12016-SC |
| WJA Secure Income Fund, LLC | 8:17-bk-12018-SC |
| William Jordan Investments, Inc. | 8:17-bk-12019-SC |

# EXHIBIT "2"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
Michael L. Simon, State Bar No. 300822
*msimon@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Proposed Attorneys for Debtor and Debtor-in-Possession

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>WJA ASSET MANAGEMENT, LLC,<br><br>Debtor and Debtor-in-Possession. | Case No. 8:17-bk-11996-SC<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:17-bk-11997-SC; 8:17-bk-11998-SC; 8:17-bk-11999-SC; 8:17-bk-12000-SC; 8:17-bk-12001-SC; 8:17-bk-12002-SC; 8:17-bk-12003-SC; 8:17-bk-12004-SC; 8:17-bk-12005-SC; 8:17-bk-12006-SC; 8:17-bk-12008-SC; 8:17-bk-12009-SC; 8:17-bk-12010-SC; 8:17-bk-12011-SC; 8:17-bk-12012-SC; 8:17-bk-12013-SC; 8:17-bk-12014-SC; 8:17-bk-12015-SC; 8:17-bk-12016-SC; 8:17-bk-12018-SC; and 8:17-bk-12019-SC)<br><br>**[TITLE TO APPEAR HERE]** |
| ☐ Affects 5827 WINLAND HILLS DRIVE DEVELOPMENT FUND, LLC<br>☐ Affects ALABAMA HOUSING FUND, LLC<br>☐ Affects CA EXPRESS FUND, LLC<br>☐ Affects CA SEE JANE GO FUND, LLC<br>☐ Affects CA WHIRL FUND, LLC<br>☐ Affects CLAIRTON RESIDENTIAL RENEWAL, LLC<br>☐ Affects EQUITY INDEXED MANAGED FUND, LLC<br>☐ Affects LUXURY ASSET PURCHASING INTERNATIONAL, LLC<br>☐ Affects LVNV MULTI FAMILY LLC<br>☐ Affects PMB MANAGED FUND, LLC<br>☐ Affects PROSPER MANAGED FUND, LLC | |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

- ☐ Affects TD OPPORTUNITY FUND, LLC
- ☐ Affects TD REO FUND, LLC
- ☐ Affects URBAN PRODUCE FUND, LLC
- ☐ Affects WHIRL FUND, LLC
- ☐ Affects WJA EXPRESS FUND, LLC
- ☐ Affects WJA REAL ESTATE OPPORTUNITY FUND I, LLC
- ☐ Affects WJA REAL ESTATE OPPORTUNITY FUND II, LLC
- ☐ Affects WJA SECURE REAL ESTATE FUND, LLC
- ☐ Affects WJA SECURE INCOME FUND, LLC
- ☐ Affects WILLIAM JORDAN INVESTMENTS, INC.
- ☐ Affects All Debtors

# EXHIBIT "3"

<table>
<tr><td>Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>SMILEY WANG-EKVALL, LLP<br>Lei Lei Wang Ekvall, State Bar No. 163047<br>lekvall@swelawfirm.com<br>Robert S. Marticello, State Bar No. 244256<br>rmarticello@swelawfirm.com<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone: 714 445-1000<br>Facsimile: 714 445-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtor (Proposed)</td><td>FOR COURT USE ONLY</td></tr>
<tr><td colspan="2">UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - Santa Ana Division</td></tr>
<tr><td>In re: WJA ASSET MANAGEMENT, LLC,<br><br>Debtor(s)<br>--------------------------------------------------------------------------<br>In re:<br><br>Debtor(s)</td><td>LEAD CASE NO.: 8:17-bk-11996-SC<br>CHAPTER: 11<br>JOINTLY ADMINISTERED WITH:<br>CASE NO.:<br>CASE NO.:<br>CASE NO.:<br>CASE NO.:<br>CASE NO.:<br>☒ See attached for additional Case Numbers</td></tr>
<tr><td>☒ Affects All Debtors<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☐ Affects<br>☒ See attached for additional Debtors<br><br>Debtor(s)</td><td>NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS<br><br>[LBR 1015-1]<br><br>[No Hearing Required]</td></tr>
</table>

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (*date*) ____________ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

2. **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3. **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4. **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5. **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court-approved form.

6. **Other**:

Date: ___________ By: ________________________________________
Signature

| **Case Name** | **Case Number** |
|---|---|
| WJA Asset Management, LLC (Lead Case) | 8:17-bk-11996-SC |
| 5827 Winland Hills Drive Development Fund, LLC | 8:17-bk-11997-SC |
| Alabama Housing Fund, LLC | 8:17-bk-11998-SC |
| CA Express Fund, LLC | 8:17-bk-11999-SC |
| CA See Jane Go Fund, LLC | 8:17-bk-12000-SC |
| CA Whirl Fund, LLC | 8:17-bk-12001-SC |
| Clairton Residential Renewal, LLC | 8:17-bk-12002-SC |
| Equity Indexed Managed Fund, LLC | 8:17-bk-12003-SC |
| Luxury Asset Purchasing International, LLC | 8:17-bk-12004-SC |
| LVNV Multi Family LLC | 8:17-bk-12005-SC |
| PMB Managed Fund, LLC | 8:17-bk-12006-SC |
| Prosper Managed Fund, LLC | 8:17-bk-12008-SC |
| TD Opportunity Fund, LLC | 8:17-bk-12009-SC |
| TD REO Fund, LLC | 8:17-bk-12010-SC |
| Urban Produce Fund, LLC | 8:17-bk-12011-SC |
| Whirl Fund, LLC | 8:17-bk-12012-SC |
| WJA Express Fund, LLC | 8:17-bk-12013-SC |
| WJA Real Estate Opportunity Fund I, LLC | 8:17-bk-12014-SC |
| WJA Real Estate Opportunity Fund II, LLC | 8:17-bk-12015-SC |
| WJA Secure Real Estate Fund, LLC | 8:17-bk-12016-SC |
| WJA Secure Income Fund, LLC | 8:17-bk-12018-SC |
| William Jordan Investments, Inc. | 8:17-bk-12019-SC |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATIONS OF HOWARD B. GROBSTEIN AND WILLIAM JORDAN IN SUPPORT** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 19, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

•Lei Lei Wang Ekvall lekvall@swelawfirm.com,
csheets@swelawfirm.com;gcruz@swelawfirm.com;hdavis@swelawfirm.com
•Michael J Hauser michael.hauser@usdoj.gov
• United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ___________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 19, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Hon. Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building & Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 19, 2017 | Carol Sheets | /s/ Carol Sheets |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |